# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Wells Fargo Bank, National Association, as Trustee for the Benefit of the Registered Holders of Benchmark 2020-B20 Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2020-B20, through its special servicer Argentic Services Company LP,<br><br>        Plaintiff,<br><br> v.<br><br>Mich Troy Technology LLC, a Delaware limited liability company,<br><br>        Defendant. | Case No. 24-cv-10241<br><br>**Judge Stephen J. Murphy, III**<br>**Magistrate Judge Anthony P. Patti** |

---

*Holland & Knight LLP*
*Cara M. Houck*
*IL Bar No. 6239153*
*150 N. Riverside Plaza, Ste. 2700*
*Chicago, IL 60606*
*Tel: (312) 715-6805*
*Cara.houck@hklaw.com*

---

**PLAINTIFF'S MOTION AND ACCOMPANYING**
**BRIEF IN SUPPORT OF DEFAULT JUDGMENT**

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and the reasons stated in the accompanying Brief, Plaintiff Wells Fargo Bank, National Association, as Trustee for the Benefit of the Registered Holders of Benchmark 2020-B20 Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2020-B20, through its special servicer Argentic Services Company LLP ("<u>Plaintiff</u>"), by its counsel, Holland & Knight LLP, respectfully moves this Court for an Order for Default Judgment against the Defendant Mich Troy Technology LLC (<u>Borrower</u>). (*See* Complaint, ECF Nos. 1, 1-1 thru 1-12).

Plaintiff holds a mortgage on the subject property as well as a security interest in the personal property. Defendant Mich Troy Technology LLC is the mortgagor for the Property.

On January 30 2024, Plaintiff filed a Complaint for the Enforcement the Mortgage (Count I) allowing the Plaintiff to exercise its rights through the Assignment of Rents, and for Injunctive Relief allowing for an Appointment of Receiver (Count II). (ECF Nos. 1, 1-1 thru 1-12.)

On January 31, 2024, Plaintiff filed an Emergency Motion and accompanying Brief in Support for the Appointment of Receiver. (ECF Nos. 4, 4-1 thru 4-4.)

On February 1, 2024, Plaintiff served Summons and Complaint on Defendant through its Registered Agent, VCorp Services in Wilmington Delaware and in Ann Arbor, Michigan (See ECF Nos. 5 and 6.)

On February 2, 2024, this Honorable Court granted Plaintiff's Emergency

Motion for the Appointment of Receiver with the authority to collect rents. (ECF No. 7.)

On March 28, 2024, Plaintiff filed a Request For Clerk's Entry of Default which was granted. (ECF No. 15-16.)

As of the date, Defendant has not filed an Answer or otherwise appeared in this case.

WHEREFORE, Plaintiff requests this Honorable Court to enter a Default Judgment of equity and liability in the form attached here as **Exhibit A** against Defendant: (i) allowing for the Plaintiff to exercise the Assignment of Rents provision of the Mortgage entitling the Plaintiff to the rental income derived from the Property (Count I); and (ii) extending this Court's Appointment of a Receiver (Count II) until such time as the Plaintiff forecloses the Property and the required six month redemption period expires, or until this Court discharges him.

Dated: April 15, 2024     Respectfully submitted,

**Holland & Knight LLP**
By:   /s/ *Cara M. Houck*
 Cara M. Houck
150 N. Riverside Plaza
Tel: (312) 715-6805
Cara.houck@hklaw.com
*Attorneys for Wells Fargo Bank, Nat'l Ass'n, as Trustee for the Benefit of the Registered Holders of Benchmark 2020-B20 Mortgage Trust, Commercial Mtge Pass-Through Cert, Series 2020-B20, through its special servicer Argentic Services Company LP*

## TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Authorities | i |
| Issues Presented | ii |
| Most Appropriate Authority for Relief Sought | ii |
| Argument | 1 |
|     Default Judgment | 1 |
|     Appointment of Receiver | 4 |
|     Assignment of Rents | 4 |
| Conclusion | 5 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Auto. Ass'n v. Dickerson*,
　995 F. Supp. 2d 753, 756 (E.D. Mich. 2014)……………………………….. 1

*Federal Nat. Morg. Ass'n v. Mapletree Investors Ltd. Partnership*,
　2010 WL 1753112 (E.D. Mich)…………………………….………..…… 4

*Ford Motor Co. v. Cross*,
　41 F. Supp. 2d 837, 848 (E.D. Mich. 2006)..…………………………….. 2

*Kelley v. Carr*,
　67 F. Supp. 831, 841 (W.D. Mich. 1983)…………………………………… 2

*Massachusetts Mut. Life Ins. Co. v. Sutton*,
　78 Mich. 457 (1936)…………………………………………………………… 5

*Rohn v. Comm'l Recovery Sys., Inc.*,
　2013 WL 6195578 (Nov. 26, 2013 E.D. Mich.)………………………….. 2

**Other Authorities**

Fed. R. Civ. P. 55……………………………………………………………. 1, 5

## I.   ISSUE PRESENTED

Is Plaintiff entitled to a judgment of default when the Defendant has not responded to Plaintiff's Complaint.

Plaintiff says "Yes."

## II.   MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

Federal Rule of Civil Procedure 55(b) is the most appropriate authority for the relief sought by through its motion.

### BRIEF IN SUPPORT OF PLAINTIFF'S
### MOTION FOR ENTRY OF DEFAULT

Plaintiff Wells Fargo Bank, National Association, as Trustee for the Benefit of the Registered Holders of Benchmark 2020-B20 Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2020-B20, through its special servicer Argentic Services Company LLP ("Plaintiff"), adopts and fully incorporates herein the factual allegations as pled in the attached Motion for Default Judgment. For the reasons set forth below, Plaintiff is entitled to entry of default judgment against Defendant Mich Troy Technology LLC (Borrower) for failure to respond to the Plaintiff's Complaint. (*See* Complaint, ECF Nos. 1, 1-1 thru 1-12).

### ARGUMENT

**Default Judgment.**

To obtain a judgment of default against a defendant that has failed to appear or otherwise defend, the plaintiff must first request that the clerk enter a default against the defendant. The clerk shall enter the default where the defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). An entry of default leaves two issues – liability and damages.

With regard to liability, the court considers the defendant to have admitted all of the well pleaded allegations in the complaint, including jurisdiction. *Am. Auto.*

1

*Ass'n v. Dickerson*, 995 F. Supp. 2d 753, 756 (E.D. Mich. 2014). Yet, "[a] default judgment on well-pleaded allegations establishes only defendant's liability." *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983). The Court also has power to enter a default judgment against the defaulting party. Fed. R. Civ. P. 55(b)(2). The determination of whether to enter the judgment is given to the court's "sound judicial discretion." *Dickerson*, 995 F. Supp. 2d at 756 (citing Wright & Miller, 10A Federal Practice and Procedure, § 2685 (3d ed. 1998)).

In making that determination, the court may but is not required to conduct an evidentiary hearing or oral argument. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006). An evidentiary hearing "is unnecessary if sufficient evidence is submitted to support the request for damages, or if the amount claimed is one capable of ascertainment from definite figures in the documentary evidence of affidavits." *Rohn v. Comm'l Recovery Sys., Inc.*, 2013 WL 6195578 (Nov. 26, 2013 E.D. Mich.) (citations omitted).

Here, Defendant has failed to file an answer or other defense. Accordingly, pursuant to Fed. R. Civ. P. 55(a) and at Plaintiff's request, the Clerk made an Entry of Default with respect to Defendant on February 2, 2024. (ECF No. 7.) Defendant is therefore deemed to have admitted all of the factual allegations in the Complaint.

2

Moreover, the Plaintiff is not seeking monetary damages, but instead seeking an extension of the injunction already granted by the Court as well as the Plaintiff's request for equitable relief allowing for the exercise of the entitlement of rents.

**Appointment of Receiver.**

When it signed the Mortgage, Borrower expressly consented to an *ex parte* appointment of a receiver after a default on the Loan:

> **Section 7.1 Remedies**. Upon the occurrence and during the continuance of any Event of Default, Borrower agrees that Lender may take such action, *without notice or demand,* as it deems advisable to protect and enforce its rights against Borrower and in and to the Property, including but not limit to, the following actions, each of which may be pursue concurrently or otherwise at such time and in such order as Lender may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Lender:
>
> > (e)   institute an action, suit or proceeding in equity for the specific performance of any covenant, condition or agreement contained herein, in the Note, the Loan Agreement or in the other Loan Documents;
> >
> > \*                              \*                              \*
> >
> > (g)   apply for the appointment of a receiver, trustee, liquidator or conservator of the Property, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Borrower, any guarantor or any indemnitor with respect to the Loan or of any Person liable for the payment of the Debt;

(See ECF No. 1-4, p. 12**.**)

3

Plaintiff requests this Court extend this Court's Appointment of a Receiver until such time as the Plaintiff forecloses the Property and the required six month redemption period expires, or until this Court discharges him. (*See Federal Nat. Morg. Ass'n v. Mapletree Investors Ltd. Partnership*, 2010 WL 1753112 (E.D. Mich, S. Div. )

**Assignment of Rents.**

In addition, pursuant to the parties' the Mortgage, Lender is immediately entitled to all Rents (as defined in the Mortgage) after an event of default. (ECF No. 1-4 (the "Assignment of Rents" provision).

> **Section 1.2 Assignment of Rents**. Borrower hereby absolutely and unconditionally assigns to Lender as collateral all of Borrower's right, title and interest in and to all current and future Leases and Rents; it being intended by Borrower that this assignment constitutes a present, absolute assignment and not an assignment for additional security only. Nevertheless, subject to the terms of the Cash Management Agreement and Section 7.l (h) of this Mortgage and compliance with applicable statutes, Lender grants to Borrower a revocable license to collect, receive, use and enjoy the Rents and Borrower shall hold the Rents, or a portion thereof sufficient to discharge all current sums due on the Debt, for use in the payment of such sums. Borrower is making the foregoing assignment in accordance with and for all purposes permitted by the provisions of Act No. 210 of the Michigan Public Acts of 1953, as amended, and Act No. 228 of the Michigan Public Acts of 1925, as amended and as applicable.

(ECF No. 1-4; Mortgage at p. 5**.**)

Pursuant to the Assignment of Rents, upon default, Plaintiff is entitled to collect all Rents from the Property. Plaintiff requests that this Court allow Plaintiff to exercise the Assignment of Rents until such time as the Plaintiff can foreclose and the redemption period expires. (See *Massachusetts Mut. Life Ins. Co. v. Sutton*, 278 Mich. 457 (1936); *Biosource, Inc. v. City of Detroit*, 2010 WL 935647.)

## CONCLUSION

WHEREFORE, Plaintiff requests this Honorable Court to enter a Default Judgment of equity and liability in the form attached here as **Exhibit A** against Defendant: (i) allowing for the Plaintiff to exercise the Assignment of Rents provision of the Mortgage entitling the Plaintiff to the rental income derived from the Property (Count I); and (ii) extending this Court's Appointment of a Receiver (Count II) until such time as the Plaintiff forecloses the Property and the required six month redemption period expires, or until this Court discharges him.

Dated: April 15, 2024           Respectfully submitted,

**Holland & Knight LLP**

By: /s/ *Cara M. Houck*
     Cara M. Houck

150 N. Riverside Plaza
Tel: (312) 715-6805
Cara.houck@hklaw.com

*Attorneys for Plaintiff*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using the E-Filing System, which will send notification of such filing to all counsel of record.

                                                  Respectfully submitted,
                                                  By:   /s/ Cara M. Houck

                                                  Cara M. Houck
                                                  IL Bar No. 6239153
                                                  Holland & Knight LLP
                                                  150 N. Riverside Plaza, Ste. 2700
                                                  Chicago, IL 60606
                                                  Tel: (312) 715-6805
                                                  Cara.houck@hklaw.com

                                                  Attorneys for Plaintiff